**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| FRANKLIN WHITE, | ) |
|  | ) |
| Petitioner, | ) |
|  | )   Civil Action No. 26-CV-13081-AK |
|  | ) |
| v. | ) |
|  | ) |
| F. BOWERS, | ) |
|  | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER ON PETITIONER'S WRIT OF HABEAS CORPUS

**KELLEY, D.J.**

*Pro se* Petitioner Franklin White, who is in custody at the Federal Medical Center, Devens, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and supporting memorandum, claiming that he is entitled to release because he is innocent of the crime for which he was convicted in the criminal matter United States v. White, 1:23-cr-00120 (W.D.N.Y.). [Dkts. 1, 2]. Specifically, White asserts that, because he is Native American, the Indian Major Crimes Act, 18 U.S.C. § 1153, the United States did not have jurisdiction to prosecute him under 18 U.S.C. § 924. [Dkt. 2]. For the reasons stated below, the petition is **DENIED**.[1]

Upon reviewing the docket in United States v. White, 1:23-cr-00120 (W.D.N.Y.), of

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts—made applicable to 28 U.S.C. § 2241 cases through Rule 1(a)—a judge must dismiss a petition if it clearly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. See also 28 U.S.C. § 2243, which provides that if it appears from a habeas corpus application that the applicant is not entitled to the writ, the court is not required to order the respondent to file a response.

which the Court takes judicial notice, see Rodi v. S. New England Sch. Of L., 389 F.3d 5, 19 (1st Cir. 2004) (internal citations omitted) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."), it appears that White entered a guilty plea and was subsequently convicted under 18 U.S.C. § 924(c)(1)(A)(i) for possession of a firearm in furtherance of drug trafficking.  White was sentenced to sixty-six months of incarceration, and three years of supervised release. See United States v. White, 1:23-cr-00120 (W.D.N.Y.) [Dkts. 74; 78, 95].

Approximately one year after entry of the judgment of conviction, White filed a motion under 28 U.S.C. § 2255 challenging his conviction, which remains pending. [Id.].  Under Section 2255(a) a federal prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence" if he claims that his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).  However, a federal prisoner cannot challenge the legality of his sentence through an application for a writ of habeas corpus unless a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  Here, because White's § 2255 motion is pending before the sentencing court, he cannot yet show that § 2255 is "inadequate or ineffective to test the legality of his detention[2]."

For the forgoing reasons, the petition for writ of habeas corpus is **DENIED** and the case is **DISMISSED**.

**SO ORDERED.**

Dated: August 10, 2026                            /s/ Angel Kelley
                                                  Hon. Angel Kelley
                                                  United States District Judge

---

[2] Of note in Jones v. Hendrix, 599 U.S. 465, 480 (2023), the Supreme Court held that, even where a federal prisoner asserts a claim of "actual innocence," a habeas corpus petition under § 2241 cannot be used to circumvent the limitations on second or successive § 2255 motions.

2